UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE RYAN PAMINTUAN,<br><br>                       Plaintiff,<br><br>v.<br><br>KAMINSKIY DESIGN AND REMODELING LIC.922807 CORPORATION,<br><br>                       Defendant. | Case No.: 19-cv-374-CAB-BGS<br><br>**ORDER ON MOTION TO ENFORCE SETTLEMENT AND DISMISS ACTION**<br><br>[Doc. No. 19] |

This matter comes before the Court on Defendant's Motion to Enforce Settlement and Dismiss Action. [Doc. No. 19.] Upon review, the Court deems it suitable for determination on the papers submitted and without oral argument. *See* S.D. Cal. CivLR 7.1(d)(1). For the reasons set forth below, Defendant's motion to enforce the settlement and dismiss this action is granted.

### I. BACKGROUND

Plaintiff Shane Ryan Pamintuan filed this action against Defendant Kaminskiy Design and Remodeling Lic.922807 Corporation on February 25, 2019. [Doc. No. 1.[1]] On May 23, 2019, the parties attended an Early Neutral Evaluation Conference with the Court before Magistrate Judge Skomal. [Doc. No. 10.] On May 31, 2019, the parties agreed to

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

a settlement and the Court held a status conference where the settlement was put on the record. [Doc. No. 11.]

According to the record, Judge Skomal stated the terms of the settlement and asked Plaintiff if it was a correct statement of the settlement: "We have come to an agreement whereby Mr. Pamintuan is going to agree to dismiss this lawsuit, and [Defendant] will not seek any costs or attorney's fees. Is that a correct statement of the settlement, Mr. Pamintuan?" Plaintiff replied, "Yes, that's correct." [Doc. No. 19-5 at 4–5.] After explaining that a prosecutor bringing charges is separate and apart from Plaintiff's civil action, Judge Skomal then asked, "And if you yourself, as a plaintiff, file additional claims or allegations against [Defendant] . . . they would have to be based on . . . different claims, different civil causes of action. Do you understand that?" Plaintiff replied, "Yes." [*Id*. at 7.] Plaintiff then went on to state that he understands and agrees that the parties had a binding agreement enforceable as of that day. [*Id*.]

The Court then ordered the parties to file a joint motion for dismissal by June 14, 2019, otherwise a settlement disposition conference would be held on June 21, 2019. [Doc. No. 12.] The joint motion for dismissal was not filed and the settlement disposition conference was held. [Doc. No. 17.] The Court again ordered the parties to file a joint motion for dismissal by July 18, 2019, otherwise Defendant should file an appropriate motion to enforce the settlement. [Doc. No. 18.]

On July 18, 2019, Defendant filed a Motion to Enforce Settlement and Dismiss Action. [Doc. No. 19.]

**II.    LEGAL STANDARD**

Under federal law, "[i]t is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) (citations omitted); *TNT Marketing, Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986).

To be enforced, a settlement agreement must meet two requirements. First, it must be a complete agreement. *Callie*, 829 F.2d at 890 (citations omitted). This requires that

the parties have reached agreement on all material terms. *Id*. at 891. Second, the parties "must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute." *Marks–Foreman v. Reporter Pub. Co.*, 12 F.Supp.2d 1089, 1092 (S.D. Cal. 1988) (citing *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144–45 (9th Cir. 1977)). Where both the terms of the settlement and the parties' mutual assent is clear, an evidentiary hearing is not required. *See Doi v. Halekulani Corp.*, 276 F.3d 1131, 1139 (9th Cir. 2002) ("[T]here was no need for an evidentiary hearing on whether an agreement existed, or what its terms were: the parties dispelled any such questions in open court.").

## III. DISCUSSION

Defendant contends the settlement agreement must be enforced because it is valid, complete, and the parties reached agreement on all material terms. [Doc. No. 19 at 5–6.] Plaintiff does not oppose the enforcement of the settlement to dismiss this action for waiver of costs and fees, but instead requests a "standard dismissal" rather than a dismissal with prejudice. [Doc. No. 21 at 2.[2]] Plaintiff contends that "[t]here was never an agreement for a 'Dismissal with Prejudice'" and that the "only recorded transcript did not state that [he] was barred from reopening the case and never stated that [he] agreed to a 'Dismissal with Prejudice.'" [*Id*. at 3.] To the contrary, Plaintiff did agree to a dismissal with prejudice and that is evident from the settlement put on the record at the status conference. [Doc. No. 19-5.]

It appears Plaintiff was initially confused about the effect the dismissal would have on the ability of a prosecutor bringing charges. [*Id*. at 5.] After clarifying to Plaintiff that a prosecutor bringing a charge is separate and apart from Plaintiff bringing this civil action, Judge Skomal then explained to Plaintiff that his agreement to the dismissal would prevent

---

[2] Plaintiff did not file an opposition to the motion to enforce but instead filed a motion to dismiss without prejudice that states it is in "response to the defendant[']s motion for dismissal with prejudice." [Doc. No. 21 at 2.]

him from bringing the same civil claims against Defendant. Judge Skomal explained, "And if you yourself, as a plaintiff, file additional claims or allegations against [Defendant] . . . they would have to be based on . . . different claims, different civil causes of action. Do you understand that?" Plaintiff replied, "Yes." [*Id*. at 7.] Plaintiff then went on to agree that this was a binding agreement and enforceable as of that day. [*Id*.]

Essentially, Judge Skomal merely illustrated the definition of a dismissal with prejudice. Judge Skomal's explanation was appropriate to describe to a *pro se* litigant such as Plaintiff that the agreement was to dismiss with prejudice and what the consequences were of this dismissal. Having heard this explanation and agreeing that he would be unable to bring the same causes of action against Defendant, Plaintiff cannot now claim that he did not agree to a dismissal with prejudice. The terms of the agreement were recited on the record, and the transcript of the status conference demonstrates that Plaintiff and Defendant's counsel explicitly agreed to a dismissal with prejudice. Plaintiff offers no conflicting evidence and the Court will therefore enforce the settlement as agreed upon. Accordingly, Defendant's motion to enforce the settlement and dismiss this action is **GRANTED**.

### IV. CONCLUSION

For the reasons set forth above, Defendant's motion to enforce the settlement and dismiss this action is **GRANTED**. This case is **DISMISSED with prejudice**, with each party to bear its own costs and fees.[3] The Clerk of Court shall close the case.

It is **SO ORDERED**.

Dated: August 14, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[3] In light of the foregoing, Defendant's request for sanctions, including costs and fees, is **DENIED**.